**<u>EXHIBIT A</u>**

**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MRRC HOLD CO., *et al.,*[1] | Case No. 24-11164 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Related Docket No. ___** |

## ORDER ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon consideration of the *Motion of the Debtors to Establish Deadlines for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "**Motion**")[2]; and this Court having jurisdiction over this matter; and venue being proper in this Court; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at such hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: MRRC Hold Co. (1242); Rubio's Restaurants, Inc. (0303); and Rubio's Incentives, LLC (9359).  The Debtors' mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008.

[2]     Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

**The Bar Dates and Procedures for Filing Proofs of Claim.**

2.      Each person or entity that asserts a claim against any Debtor that arose before June 5, 2024 (the "**Petition Date**") shall be required to file an original, written proof of claim (a "**Proof of Claim**"), substantially in the form attached hereto as <u>**Exhibit 1**</u> (the "**Proof of Claim Form**") or Official Form 410,[3] including without limitation the following:

     a.    any person or entity whose claim against a Debtor is not listed in the applicable Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

     b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

     c.    any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

     d.    any person or entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

3.      Except for governmental units and certain other exceptions explicitly set forth herein, **<u>all Proofs of Claim must be filed so that they are actually received on or before _____, 2024 at 5:00 p.m. (Eastern Time) (the "General Bar Date"), at the address and in the form set forth herein.</u>** The Bar Date applies to all types of claims (whether secured, unsecured priority, or unsecured non-priority) against the Debtors that arose (or are deemed to

---

[3]     Copies of Official Form 410 may be obtained by: (a) visiting the claims agent website at https://cases.stretto.com/rubios, or (b) visiting the website maintained by the courts at http://www.uscourts.gov/forms/bankruptcy-forms .

have arisen) before the Petition Date, and including without limitation any claims for the value of goods sold to and received by any Debtor within 20 days before the Petition Date.

4.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date must file Proofs of Claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party **so that they are actually received on or before December 2, 2024 at 5:00 p.m. (Eastern Time) (the "Government Bar Date"), at the address and in the form set forth herein.** Pursuant to Local Rule 3002-1(a), no governmental unit is required to file a proof of claim covered by sections 503(b)(1)(B), (C) or (D) of the Bankruptcy Code.

5.      If the Debtors file an amendment (an "**Amendment**") to their Schedules after the Service Date, and such Amendment (a) reduces the undisputed noncontingent and liquidated amount of a claimant's claim, (b) changes the nature or characterization of a claimant's claim, or (c) adds a new claim with respect to a claimant to the Schedules, the Debtors shall give notice by first-class mail of any amendment to holders of claims affected thereby, and the deadline any such person or entity to file a Proof of Claim or amend any previously filed Proof of Claim, if necessary, relating to such Amendment shall be set as the later of (a) the General Bar Date or (b) 35 days from the date the notice of the Schedule amendment or supplement is given (unless a different period is fixed by the Court) (the "**Amended Schedules Bar Date**").

6.      All persons or entities asserting claims arising from the rejection by the Debtors of any executory contract or unexpired lease contract must file a Proof of Claim relating to such rejection by the later of (i) the General Bar Date, (ii) 35 days after entry of any order authorizing the rejection of an executory contract or unexpired lease, or (iii) the date set forth in an order

authorizing rejection of an executory contract or unexpired lease (the "**Rejection Bar Date**", and together with the General Bar Date, the Government Bar Date, the Amended Schedules Bar Date, the "**Bar Dates**").

7.      All Proofs of Claim must be filed so as to be actually received by Stretto (the "**Claims Agent**"), the claims and noticing agent in these cases, on or before the applicable Bar Dates (or, where applicable, on or before any other bar date, as set forth herein, including a bar date set by another order of this Court or a bar date triggered by an amendment of the Schedules). If Proofs of Claim are not received by the Claims Agent on or before the applicable Bar Dates, except for exceptions explicitly set forth herein, the holders of the underlying claims shall be precluded from voting such claim on any plan in this case and/or receiving distributions from the Debtors on account of such claims in this case, and shall be forever barred, estopped and enjoined from asserting such claims against the Debtors.

**Parties Exempted from the Bar Date.**

8.      The following categories of claimants shall not be required to file a Proof of Claim by the Bar Dates, in each case solely with respect to the claim described below:

  i.      any person or entity whose claim is listed on the schedules and (a) whose claim is **not** described thereon as disputed, contingent, or unliquidated; (b) who does **not** dispute the amount or priority of the claim set forth in the schedules, and (c) who does **not** dispute that the claim is an obligation of the Debtors;

  ii.     any person or entity whose claim has been paid in full, including, but not limited to any claim of an employee of the Debtors for ordinary course wages or benefits to the extent already paid;

  iii.    any person or entity that holds an interest in the Debtors, which interest is based exclusively upon ownership of common or preferred stock, membership interest, partnership interest, or warrants or rights to purchase, sell, or subscribe to such a security or interest; *provided, however*, that interest holders that wish to assert claims (as opposed to ownership interest) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale issuance

or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

iv.    any holder of a claim allowable under Sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of these chapter 11 cases; *provided, however*, that any person or entity wishing to assert that any claim against any Debtor is entitled to priority under section 503(b)(9) of the Bankruptcy Code shall be required to file a Proof of Claim for such claim subject to the applicable Bar Date;

v.    any person or entity who holds a claim that has been allowed by an order of this Court entered on or before the applicable Bar Dates;

vi.    any holder of a claim for which a separate deadline is fixed by this Court; and

vii.    any holder of a claim who has already properly filed a Proof of Claim with the Claims Agent using a claim form which substantially conforms to Official Form 410.

**Substantive Requirements for Proofs of Claim.**

9.    The following requirements shall apply with respect to each Proof of Claim:

a.    <u>Contents</u>.  Each Proof of Claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Timely Filing</u>. Each Proof of Claim must be **actually received** by the Claims Agent on or before the applicable Bar Date, either (i) through the "Submit Electronic Proof of Claim" interface at https://cases.stretto.com/rubios, or (ii) by first-class mail, overnight courier, or hand-delivery to the following address:

> MRRC Hold Co., et al., Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

c.    <u>No Alternative Filing</u>.  **Any Proof of Claim sent or submitted by facsimile or electronic mail, or in any other manner not expressly authorized above, will not be accepted.**

d.    <u>Supporting Documentation</u>.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel,

5

such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided, however, that any creditor that received such written consent shall be required to transmit such writings to the Debtors' counsel upon request no later than ten (10) calendar days from the date of such request.

e. <u>Section 503(b)(9) Claims</u>. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

f. <u>Identification of the Debtor</u>. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Rubio's Restaurants, Inc. Unless otherwise ordered by this Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

g. <u>Original Signatures Required</u>. Only original Proofs of Claim, or claims submitted online through the "Submit Electronic Proof of Claim" interface at https://cases.stretto.com/rubios, will be deemed acceptable for purposes of claims administration.

h. <u>Receipt of Service</u>. Claimants wishing to receive acknowledgment that their Proof of Claim Forms were received by the Claims Agent must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to the Claims Agent).

**Procedures for Providing Notice of the Bar Date.**

10. No later than 5 business days after the Court enters this Order, the Debtors shall serve by mail a written notice of the Bar Dates and Proof of Claim requirements established herein (the "**Bar Date Notice**"), substantially in the form attached hereto as **Exhibit 2**, and a Proof of Claim Form (together the "**Bar Date Package**"), to the following entities:

6

a.      the U.S. Trustee;

b.      all creditors and other known holders of claims against the Debtors as of the date of this Order, including all people or entities listed in the Schedules as holding claims against the Debtors;

c.      all people or entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of this Order;

d.      all people or entities that have filed proofs of claim or proofs of interest in these chapter 11 cases as of the date of this Order;

e.      all people or entities who are party to executory contracts and unexpired leases with the Debtors;

f.      the Internal Revenue Service;

g.      the United States Attorney for the District of Delaware;

h.      the Attorneys General for the States of California, Nevada and Arizona.

11.     The Debtors shall file the Bar Date Notice on the docket of these chapter 11 cases on the date of service on known creditors as set forth above (the "**Service Date**").  The Debtors shall provide each known creditor listed in the Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled each such creditor's claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each creditor may submit a Proof of Claim by the applicable Bar Date to correct any information that is missing, incorrect, or incomplete. Additionally, any creditor may choose to submit a Proof of Claim on a different form as long as it is substantially similar to Official Form 410 and otherwise complies with the requirements for a Proof of Claim set forth herein.

12.     The Debtors shall mail the Bar Date Notice to the last known mailing address for each creditor or party in interest set forth above.  After the initial mailing of the Bar Date Packages, the Debtors may, in their sole discretion, make supplemental mailings of the Bar Date Notice or Bar Date Package, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process, with any such supplemental mailings being deemed timely and the relevant Bar Date being applicable to the recipient creditors.

13.     The Debtors shall cause notice of the General Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.  Specifically, the Debtors shall cause notice of the General Bar Date and Government Bar Date to be published, modified for publication as appropriate and otherwise consistent with the form annexed hereto as **Exhibit 3** (the "**Publication Notice**"), on one occasion in the Los Angeles Times, San Diego Union Tribune, Arizona Republic, and Los Vegas Review Journal, or publications with similar reach, on or before the Service Date.

**Consequences of Failure to File a Proof of Claim.**

14.     Pursuant to Bankruptcy Rule 3003(c)(2), any person or entity that is required, but fails, to file a Proof of Claim in accordance with this Order on or before the applicable Bar Date shall be forever barred, estopped and enjoined from asserting such prepetition claim against any Debtor, and the Debtors and their property shall have no further obligation or liability with respect

to or arising from such claim. Any such person or entity shall be precluded from voting on any plan filed in these chapter 11 cases and/or receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

**Miscellaneous**

15.     For the avoidance of doubt, the U.S. Trustee shall not be required to file a proof of claim or administrative claim for quarterly fees.

16.     Notice of the Bar Dates as set forth in this Order and in the manner set forth herein constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

17.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

18.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

19.     This Court retains jurisdiction with respect to all matters related to the interpretation and implementation of this Order.

**<u>EXHIBIT 1</u>**

**Proof of Claim Form**

| Fill in this information to identify the case: |
| --- |

Name of Debtor & Case Number:

- ☐  MRRC Hold Co. (Case No. 24-11164)
- ☐  Rubio's Restaurants, Inc. (Case No. 24-11165)
- ☐  Rubio's Incentives, LLC (Case No. 24-11166)

**United States Bankruptcy Court for the District of Delaware**

# Proof of Claim  Official Form 410

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of administrative expenses arising under 11 U.S.C. §503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

| | | |
| --- | --- | --- |
| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) _____<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☐  No<br>☐  Yes.  From whom? _____ |

| | | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- | --- | --- |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Name _____<br><br>Number      Street _____<br><br>City            State        ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ | Name _____<br><br>Number      Street _____<br><br>City            State        ZIP Code<br><br>Contact phone _____<br><br>Contact email _____ |
| | | Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| | | |
| --- | --- | --- |
| 4. | **Does this claim amend one already filed?** | ☐  No<br>☐  Yes.  Claim number on court claims registry (if known) _____       Filed on _____<br>                                                                                              MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐  No<br>☐  Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____. **Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                           $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:**   $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

| | | Amount entitled to priority |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ☐ No<br>☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within twenty (20) days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                  MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | _____ |
|---|---|
| | First name                    Middle name                    Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number          Street |
| | _____ |
| | City                                        State        ZIP Code |
| Contact phone | _____    Email  _____ |

**Proof of Claim**

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                          12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to https://cases.stretto.com/rubios/

### Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## EXHIBIT 2

**Bar Date Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MRRC HOLD CO., *et al.*[1] | Case No. 24-11164 (CTG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINES AND PROCEDURES
## FOR FILING PROOFS OF CLAIM

**PLEASE TAKE NOTICE THAT** on June 5, 2024 (the "**Petition Date**"), MRRC Hold Co., Rubio's Restaurants, Inc. and Rubio's Incentives, LLC (collectively, the "**Debtors**") filed voluntary petitions for relief and commenced the above-captioned cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE THAT** the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") [Docket No. \_\_\_\_] establishing deadlines and procedures for filing claims against any of the Debtors as follows: [2]

1. **BAR DATES**

   A. **GENERAL BAR DATE.  _____, 2024 at 5:00 p.m. (ET)** (the "**General Bar Date**") is the deadline for all persons and entities (other than governmental units) to file proofs of claim against any of the Debtors for any claims that arose prior to the Petition Date.

   B. **GOVERNMENTAL UNIT BAR DATE.  December 2, 2024 at 5:00 p.m. (ET)** (the "**Government Bar Date**") is the deadline for all governmental units to file proofs of claim against any of the Debtors for any claims that arose prior to the Petition Date.

   C. **AMENDED SCHEDULES BAR DATE.** All persons or entities asserting claims against any Debtor that are affected by an amendment to the schedules of assets

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: MRRC Hold Co. (1242); Rubio's Restaurants, Inc. (0303); and Rubio's Incentives, LLC (9359).  The Debtors' mailing address is 2200 Faraday Avenue, Suite 250, Carlsbad, CA 92008.

[2]    As used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

and liabilities filed by any Debtor in its bankruptcy case (the "**Schedules**") are required to file proofs of claim by the later of (i) the General Bar Date or (ii) 11:59 p.m. (Eastern Time) on the date that is 35 days after service of a notice on such affected claimant of the amendment to the Schedules.

D.    **REJECTION DAMAGES BAR DATE.**  All persons or entities asserting claims against any Debtor arising from the Debtors' rejection of an executory contract or unexpired lease must file a proof of claim by the later of (i) the General Bar Date, (ii) 35 days after entry of any order authorizing the rejection of an executory contract or unexpired lease, or (iii) the date set forth in an order authorizing rejection of an executory contract or unexpired lease.

2.    **WHO MUST FILE**

**Claim and Interest Holders.**  If you have a **claim** that arose or is deemed to have arisen prior to the Petition Date, you **MUST** file a proof of claim by the applicable Bar Date to share in distributions from the estates and vote on any plan, unless one of the exceptions described in Section 3 below applies.

A "**claim**" is: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

Without limiting the foregoing, the following persons or entities **MUST** file a proof of claim on or before the applicable Bar Date:

a.    any person or entity whose claim against a Debtor is not listed in the applicable Schedules or is listed in such Schedules as "contingent," "unliquidated," or "disputed," if such person or entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.    any person or entity who believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

d.  any person or entity who believes that its claim against a Debtor is or may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

**3.    WHO IS NOT REQUIRED TO FILE**

The following persons or entities **are** **not** required to file proofs of claim, in each case solely with respect to the claim described below:

i.    any person or entity whose claim is listed on the schedules and (a) whose claim is not described thereon as disputed, contingent, or unliquidated; (b) who does not dispute the amount or priority of the claim set forth in the schedules, and (c) who does not dispute that the claim is an obligation of the Debtors;

ii.    any person or entity whose claim has been paid in full, including, but not limited to any claim of an employee of the Debtors for ordinary course wages or benefits to the extent already paid;

iii.    any person or entity that holds an interest in the Debtors, which interest is based exclusively upon ownership of common or preferred stock, membership interest, partnership interest, or warrants or rights to purchase, sell, or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interest) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale issuance or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

iv.    any holder of a claim allowable under Sections 503(b) or 507(a) of the Bankruptcy Code as an administrative expense of these chapter 11 cases *provided, however*, that any person or entity wishing to assert that any claim against any Debtor is entitled to priority under section 503(b)(9) of the Bankruptcy Code shall be required to file a Proof of Claim for such claim subject to the applicable Bar Date;

v.    any person or entity who holds a claim that has been allowed by an order of this Court entered on or before the applicable bar date;

vi.    any holder of a claim for which a separate deadline is fixed by this Court; and

vii.    any holder of a claim who has already properly filed a Proof of Claim against the Debtors with the Clerk of this Court or the Debtors' claims agent, either electronically through the claims agent's website, or using a claim form which substantially conforms to Official Form 410.

4.    **WHAT TO FILE**

**Proof of Claim Form.**  If you have or may have a claim against the Debtors, you should receive a proof of claim form (the "**Proof of Claim Form**") with this notice. The Proof of Claim Form may be customized to specify the amount of your claims as scheduled by the Debtors.  If your Proof of Claim Form is blank, or if you disagree with the information provided on the customized Proof of Claim Form, you should follow the directions on such form, and as set forth below, to assert the amount and classification of the claim that you believe you hold against or in any Debtor.  You may also assert your claim by completing the Proof of Claim Form attached to the Bar Date Order or downloading a proof of claim form from http://www.uscourts.gov/forms/bankruptcy-forms or from the claims agent website at  https://cases.stretto.com/rubios.  You must use a proof of claim form that conforms substantially to Official Form 410.

5.    **WHEN AND WHERE TO FILE**

The following requirements shall apply with respect to each Proof of Claim:

a.    <u>Contents</u>.  Each Proof of Claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Timely Filing</u>. Each Proof of Claim must be **actually received** by the Debtors' claims agent on or before the applicable Bar Date, either (i) through the "Submit Electronic Proof of Claim" interface at  https://cases.stretto.com/rubios,  or (ii) by first-class mail, overnight courier, or hand-delivery to the following address:

> MRRC Hold Co., et al., Claims Processing
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

c.    <u>No Alternative Filing</u>.  **Any Proof of Claim sent or submitted by facsimile or electronic mail, or in any other manner not expressly authorized above, will not be accepted.**

d.    <u>Supporting Documentation</u>.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, upon prior written consent of the Debtors' counsel, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided, however, that any creditor that received such written

consent shall be required to transmit such writings to the Debtors' counsel upon request no later than ten (10) calendar days from the date of such request.

e.    Section 503(b)(9) Claims. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

f.    Identification of the Debtor. Each Proof of Claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against Rubio's Restaurants, Inc. Unless otherwise ordered by this Court, each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the Proof of Claim, such claim may be treated as if filed only against the first-listed Debtor.

g.    Original Signatures Required. Only original Proofs of Claim, or claims submitted online through the "Submit Electronic Proof of Claim" interface at, https://cases.stretto.com/rubios will be deemed acceptable for purposes of claims administration.

h.    Receipt of Service. Claimants wishing to receive acknowledgment that their Proof of Claim Forms were received by the Debtors' claims agent must submit (i) a copy of the Proof of Claim Form and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to the claims agent).

## 6.    CONSEQUENCES OF FAILURE TO TIMELY FILE A PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you are required, but fail, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date:

a.    **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

b. **THE DEBTORS AND THEIR PROPERTY SHALL HAVE NO FURTHER OBLIGATION OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;**

c. **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

d. **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

7.    **ADDITIONAL INFORMATION**

Copies of the Schedules and the Bar Date Order, and of other filings in these chapter 11 cases, can be viewed and downloaded free of charge at https://cases.stretto.com/rubios.  In addition, copies of the Debtors' Schedules and the Bar Date Order may be viewed on the Internet at the Bankruptcy Court's website (http://www.deb.uscourts.gov/) by following the directions for accessing the ECF system on such website.

8.    **CONTACT**

Questions concerning submitting proofs of claim and requests for Proof of Claim Forms should be directed to the Debtors' claims agent at (855) 316-2464 or https://cases.stretto.com/rubios.  Please note that the claims agent cannot provide legal advice or advise you whether to file a Proof of Claim.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.

*[Remainder of Page Intentionally Left Blank]*

Dated: ___, 2024
         Wilmington, Delaware

**WHITEFORD, TAYLOR & PRESTON LLC**

_____

Thomas J. Francella, Jr.  (No. 3835)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
Email: tfrancella@whitefordlaw.com

- and -

**RAINES FELDMAN LITTRELL LLP**
Hamid R. Rafatjoo (*pro hac vice*)
Kyra E. Andrassy (*pro hac vice* pending)
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 440-4100
Email:  hrafatjoo@raineslaw.com
         kandrassy@raineslaw.com

- and -

**RAINES FELDMAN LITTRELL LLP**
David S. Forsh (*pro hac vice*)
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Telephone: (917) 790-7109
         Email: dforsh@raineslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT 3**

**Publication Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MRRC Hold Co., *et al.,* | Case No. 24-11164 (CTG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**PLEASE TAKE NOTICE** that on June 5, 2024, MRRC Hold Co., Rubio's Restaurants, Inc, and Rubio's Incentives, LLC (collectively, the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that the United States Bankruptcy Court for the District of Delaware has entered an order [Docket No. ____] (the "**Bar Date Order**") establishing deadlines and procedures for filing claims against any of the Debtors as follows:

    a.    **General Bar Date:** _____, 2024 at 5:00 p.m. (ET) is the deadline for all persons or entities, except for governmental units, to file proofs of claim (each, a "**Proof of Claim**") for any claim against any Debtor that arose prior to June 5, 2024.

    b.    **Government Bar Date:  December 2, 2024 at 5:00 p.m. (ET)** is the deadline for all government units to file a Proof of Claim for any claim against any Debtor that arose prior to June 5, 2024.

**PLEASE TAKE FURTHER NOTICE** that, as used in this notice, the terms "claim," "entity," "governmental unit" and "person" have the meanings given in sections 101(5), 101(15), 101(27) and 101(41) of the Bankruptcy Code, respectively.

**PLEASE TAKE FURTHER NOTICE** that each Proof of Claim must conform to requirements set forth in the Bar Date Order, including but not limited to that it must be **actually received** by the Debtors' claims agent on or before the applicable Bar Date, either (i) through the "Submit Electronic Proof of Claim" interface at https://cases.stretto.com/rubios, or (ii) by first-class mail, overnight courier, or hand-delivery to the following address:

        MRRC Hold Co., et al., Claims Processing
        c/o Stretto
        410 Exchange, Suite 100
        Irvine, CA 92602

**PLEASE TAKE FURTHER NOTICE** that any Proof of Claim sent or submitted by facsimile or electronic mail will not be accepted.

**PLEASE TAKE FURTHER NOTICE** that if you are required, but fail, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date:

   a.   **YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

   b.   **THE DEBTORS AND THEIR PROPERTY SHALL HAVE NO FURTHER OBLIGATION OR LIABILITY WITH RESPECT TO SUCH CLAIM;**

   c.   **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE BANKRUPTCY CASES ON ACCOUNT OF THAT CLAIM; AND**

   d.   **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

**PLEASE TAKE FURTHER NOTICE** that additional information regarding the Debtors' bankruptcy cases and the claims process, including copies of the Bar Date Order, Proof of Claim forms, and other relevant documents, may be obtained free of charge at https://cases.stretto.com/rubios. You may also ask any questions about the claims process or obtain copies of documents by calling the Debtors' claims agent at (855) 316-2464 (toll-free) or online at https://cases.stretto.com/rubios.  Please note that the claims agent cannot offer legal advice or advise whether you should file, a Proof of Claim.  You should consult your own attorney for assistance regarding any other inquiries, such as questions concerning the completion or filing of a proof of claim.